1
2
3
4

**ARI LAW, P.C.**
Ali A. Aalaei, State Bar No. 254713
90 New Montgomery St., Ste. 905
San Francisco, CA 94105
Telephone: 415-357-3600
Fax: 415-357-3602

5

Attorneys for Plaintiff, Randal Pham, M.D.

6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| RANDAL PHAM, M.D., an individual, ) | Case No. 14-CV-02247-VC |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S OPPOSITION TO** |
| ) | **DEFENDANT'S RESPONSE TO ORDER** |
| vs. ) | **TO SHOW CAUSE** |
| ) | |
| DANIEL WATTS, an individual; and DOES 1-10 ) | Date: July 24, 2014 |
| inclusive, ) | Time: 10:00 p.m. |
| ) | Courtroom: 4 |
| Defendants. ) | U.S. District Judge: Vince Chhabria |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

22
23
24
25
26
27
28

Plaintiff Randal Pham, M.D. ("Plaintiff") hereby files this Opposition to Defendant Daniel Watts' ("Defendant") response to the Court's Order to Show Cause dated June 23, 2014 (Doc. 12).

## I.   INTRODUCTION

Plaintiff is a licensed medical doctor in the field of ophthalmology.  (Declaration of Ali Aalaei in Support of Plaintiff's Opposition to Defendant's Response to Order to Show Cause, ¶ 3 (hereinafter "Aalaei Decl.")).  Plaintiff has been practicing in Santa Clara County for more than eighteen (18) years under the names Randal Pham, Randal Pham M.D., Randal Tanh Hoang Pham and Randal T. Pham (which collectively constitute Plaintiff's "Trade Name"), and Plaintiff has been operating the website, www.randalphammd.com, in connection with the Trade Name since on or around June 2008.  (*Id.*).

Defendant created and began operating the websites "randalpham.co" and "randalpham.org" (collectively, the "Infringing Websites"), which contain false and disparaging statements about Plaintiff and infringe on Plaintiff's Trade Name.  (*Id.*).  The Infringing Websites have adversely affected and damaged Plaintiff's business, economic relationships and Trade Name.  (*Id*).

On December 30, 2013, Plaintiff filed a Complaint in the Santa Clara County Superior Court of the State of California.  On March 3, 2014, Plaintiff filed his First Amended Complaint asserting the following causes of action: (1) defamation; (2) trade name infringement; (3) intentional interference with economic advantage; (4) trade libel; and (5) false light invasion of privacy.  (*Id.*).

On March 18, 2014, Defendant filed a Motion to Transfer Venue from Santa Clara County to Sacramento County.  Prior to the court's ruling, Defendant filed a Notice of Removal to the U.S. District Court for the Northern District of California on May 15, 2014 alleging that the Lanham Act applies to create federal jurisdiction.  Recognizing that no such claim appears on the face of the First Amended Complaint or Plaintiff's Opposition to Defendant's Motion to Transfer Venue, the Court issued an Order to Show Cause on June 23, 2014 requiring Defendant to demonstrate that federal jurisdiction is proper.

Defendant's frivolous attempt to remove this matter to federal court is simply a continuation of Defendant's unrelenting efforts to delay this matter and unfairly harass and injure Plaintiff.

## II.   ARGUMENT

### A.  Plaintiff's Notice of Removal is Untimely

Pursuant to 28 U.S.C. § 1446(b), a defendant seeking to remove a civil action from state court to

1   federal court must file a notice of removal within thirty (30) days after the receipt by the defendant,

2   *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon

3   which such action is based.  28 U.S.C. § 1446.  Strict compliance with the thirty (30) day deadline is

4   mandatory.  *See National Semiconductor Corp. v. General Motors Corp.*, 1993 U.S. Dist. LEXIS 7892,

5   4-5 (N.D. Cal. 1993) (holding that failure to meet thirty day deadline is grounds for remand).

6          Plaintiff's First Amended Complaint expressly asserts a claim for Trade Name Infringement as

7   the Second Cause of Action.  (Aalaei Decl. at ¶ 3).  Defendant was served with the First Amended

8   Complaint on March 5, 2014.  (*See* Doc. 18-1).  Therefore, the deadline for Defendant to timely file a

9   notice of removal was April 4, 2014.  *See* 28 U.S.C. § 1446(b).

10         However, Defendant did not file his Notice of Removal until May 15, 2014.  Accordingly,

11  Defendant's Notice of Removal is untimely and this matter should be remanded on that basis alone.

12         In a transparent attempt to meet the statutory deadline, in the Notice of Removal, Defendant

13  asserts that the Notice of Removal was filed within thirty (30) days of Plaintiff's Opposition to

14  Defendant's Motion to Transfer Venue, dated April 23, 2014, which purportedly "first affirmatively

15  reveals on its face the facts necessary for federal court jurisdiction."  Not only is Defendant's assertion

16  false, but it is inconsistent with Defendant's Memorandum.

17         Defendant's Memorandum states that, "the face of the complaint, although it omits reference to

18  the Langham Act, pleads the exact facts required under that law, and seeks relief that it provides."

19  (*Defendant's Response to Order to Show Cause*, dated June 24, 2014, p. 3 (hereinafter *"Def.'s

20  Memorandum"*).  Defendant further alleges that "the only plausible interpretation of his Second Cause of

21  Action (Trade Name Infringement) is a claim under 15 U.S.C. § 1125, known as the Lanham Act."  (*See

22  id. at* 2).  Accordingly, Defendant admits that he is seeking removal based on statements and claims

23  made in Plaintiff's First Amended Complaint, which was served on Defendant seventy-one (71) days

24  prior to the filing of the Notice of Removal.

25         Also, notwithstanding Defendant's acknowledgment, Plaintiff's First Amended Complaint

26  clearly, on its face, asserts a claim for Trade Name Infringement, which is the claim on which Defendant

27  seeks removal.  (Aalaei Decl. at ¶ 3).  Indeed, the First Amended Complaint contains the heading

28

"Second Cause of Action, Trade Name Infringement" and is immediately followed by allegations supporting each element of such cause of action.  (*See id*.).

Furthermore, Plaintiff's Opposition to Defendant's Motion to Transfer Venue does not reference the Lanham Act or any other federal law and provides no information on Plaintiff's claim for Trade Name Infringement that is not included in the First Amended Complaint.  (Aalaei Decl. at ¶ 4). Accordingly, any assertion that Defendant's Notice of Removal is based on Plaintiff's Opposition to the Motion to Transfer Venue, rather than the First Amended Complaint, is a disingenuous attempt at meeting the thirty (30) day deadline that already expired.  *See Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1153 (N.D. Cal. 2003) (removal statute is strictly construed and court must reject federal jurisdiction if there is any doubt as to whether removal was proper).

**B.  No Federal Question Raised in First Amended Complaint**

a.  Plaintiff is Master of his Complaint

In the Memorandum, Defendant wrongfully accuses Plaintiff of "artfully drafting the complaint in terms of state law" while asserting "what is essentially a federal claim" under the Lanham Act, 15 U.S.C. § 1125.  *Def.'s Memorandum*, p. 1.  In so doing, Defendant inaccurately characterizes Plaintiff's Trade Name Infringement claim as one of Trademark Infringement and carelessly disregards the fact that a claim for Trade Name Infringement may be pursued under California Law.  *See Sunset House Distributing Corp. v. Coffee Dan's. Inc.*, 240 Cal. App. 2d 748, 753 (1966).

Indeed, the plaintiff is the master of his complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Therefore, the presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint.  *See id.*  Accordingly, the plaintiff may choose not to assert a federal right that is available and rely solely on rights created by state law, as Plaintiff has done in this particular case.  See *id.*; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (explaining that when plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims).

A cause of action for Trade Name Infringement is well-pleaded under California Law if the plaintiff alleges that he: (1) previously and continuously used the trade name; (2) the trade name

acquired a secondary meaning; (3) the defendant subsequently used a confusingly similar trade name; and (4) there is a likelihood of public confusion.  *Sunset House Distributing Corp.*, 240 Cal. App. 2d at 753; *see* Cal. Bus. & Prof. Code § 14400, *et. seq.* (governing trade name violations).  (*See* FAC, ¶¶ 27-34).  Accordingly, contrary to Defendant's assertion that Plaintiff's First Amended Complaint is "notably vague," Plaintiff's Complaint very clearly and precisely sets forth a cause of action for Trade Name Infringement under California law.

> b.  Artful Pleading Doctrine Does Not Apply

Defendant asserts that the Plaintiff's First Amended Complaint "is an artfully pleaded claim under the Lanham Act . . . intentionally avoiding reference to that law in an attempt to avoid federal jurisdiction." (*Def.'s Memorandum*, p. 1).  However, the absence of any reference to the Lanham Act is not due to any attempt by Plaintiff to avoid federal jurisdiction.  Rather, Plaintiff does not allege any federal claims in the First Amended Complaint, only state law claims, which Plaintiff is certainly entitled to do as the master of his complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. at 392.

Also, the artful pleading doctrine may only be used as a basis for removal when: (1) federal law completely preempts state law, (2) the claim is necessarily federal in character, or (3) the right to relief depends on the resolution of a substantial, disputed federal question.  *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000).  No such basis for the artful pleading doctrine applies to this case.

It is well-settled that the Lanham Act, 15 U.S.C. § 1125 does not preempt state law regulations or remedies for trade name infringement.  *See Duncan v. Stuetzle*, 76 F.3d at 1485 (holding that if a state-law based trademark theory is a cause of action in the complaint, then removal was improper).

Also, because a plaintiff may assert a claim for Trade Name Infringement under California Law, such claim is clearly not necessarily federal in character.  Cal. & Bus. Code § 14400; *see Sunset House Distributing Corp.*, 240 Cal. App. 2d at 753.  Plaintiff does not expressly seek any of the remedies under the Lanham Act nor does his right to relief depend on the resolution of a federal question.  Indeed, compensatory damages and equitable relief are available to a plaintiff under a state law Trade Name Infringement claim.  *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1265 (1992).

**C.  Declaration of Daniel Watts is Inadmissible**

Defendant Daniel Watts provided a Declaration in Support of his Response to the Court's Order to Show Cause. Therein, Watts makes false representations as to the discussions that occurred at the May 6, 2014 hearing on Defendant's Motion to Transfer Venue. (Aalaei Decl. at ¶ 5).

Watts' statements are simply false and smack of dishonesty. Perhaps, therefore, Watts' failure to execute his Declaration under the Penalty of Perjury was intentional rather than careless. Nevertheless, Watts' Declaration is inadmissible as a matter of law. *See* 28 U.S.C. § 1746 (requiring declaration to be under penalty of perjury).

**D. Plaintiff is Entitled to Costs Incurred Due to Removal**

Pursuant to 28 U.S.C. 1447(c), an order remanding a case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. When the court finds that removal is improper, a plaintiff presumptively is entitled to an award of fees. *Husko v. Geary Elec., Inc.,* 316, F. Supp. 2d. 664, 670 (N.D. Ill. 2004). The court has broad discretion in deciding whether to award attorney's fees and costs under 28 U.S.C. § 1447(c). *Simpson v. Union Pac. R.R. Co*, 282 F. Supp. 2d at 1161.

As set forth above, Defendant's removal to federal court is devoid of any factual or legal support and clearly improper. In fact, Defendant's attempt to remove this matter is consistent with Defendant's pattern of vexation and undue harassment towards Plaintiff. Defendant frivolously removed this matter to federal court on the incomprehensible grounds that Plaintiff's Complaint includes a claim under the Lanham Act. Defendant's improper motive is clear from his unreasonable rejection of Plaintiff's request for an extension of time to respond to the Anti-SLAPP Motion, which caused Plaintiff to have to file a motion for extension of time, that was granted by the Court. (Doc. 17, 18, 19).

Plaintiff has been required to unnecessarily expend substantial time and money due to Defendant's improper removal and tactics. Accordingly, Plaintiff intends to request just costs and expenses, including attorney's fees, incurred as a result of the removal. *See* 28 U.S.C. 1447(c).

**III.  CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court remand this matter to the Santa Clara Superior Court and provide leave for Plaintiff to request just costs and actual expenses, including attorney's fees, incurred as a result of the removal.

Respectfully submitted,

Dated:  July 8, 2014          By:     /s/ Ali A. Aalaei
                                      Ali A. Aalaei

                                      Attorneys for Plaintiff
                                      Randal Pham, M.D.

PLF'S OPPOSITION TO DEF.'S RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. 14-CV-02247-VC