United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL PHAM,<br>        Plaintiff,<br><br>    v.<br><br>DANIEL WATTS,<br>        Defendant. | Case No. 14-cv-02247-VC<br><br>**ORDER OF REMAND** |

On May 15, 2014, Defendant Daniel Watts removed this case to federal court on the basis that Plaintiff Randal Pham alleges a claim under the Lanham Act. Pham, however, alleges no such claim. Indeed, he does not allege any federal claim. There is therefore no federal jurisdiction over this case.

The complaint does not refer to the Lanham Act—or, for that matter, any other federal statute, rule, or regulation. It does not need to: California law provides a cause of action for trade name infringement. *See Sunset House Distributing Corp. v. Coffee Dan's, Inc.*, 240 Cal. App. 2d 748, 753 (1966); Cal. Bus. & Prof. Code § 14402. The allegations Watts cites as evidence Pham intends to allege a Lanham Act claim are allegations that would equally support a state law claim. *See Sunset House*, 240 Cal. App. at 753 ("A cause of action for tradename unfair competition [under California law] is well pleaded if the complaint sufficiently alleges the existence of prior and continuous use of a tradename in such a way that a secondary meaning is acquired, subsequent use of a confusingly similar tradename by the defendant, and likelihood of confusion in the minds of the public of the defendant's business as that of, or as one affiliated with, the plaintiff."). Pham does not seek to recover any of the remedies particularly available under the Lanham Act. *Cf. Duncan v. Stuetzle*, 76 F.3d 1480, 1486 n.7 (9th Cir. 1996) (citing treble damages as an example of such remedies). And the injunction Pham seeks is available under California law. *See* Cal.

Bus. & Prof. Code § 14402 ("Any court of competent jurisdiction may restrain, by injunction, any use of trade names in violation of the rights defined in this chapter."). While Pham perhaps could have asserted a Lanham Act claim, he chose not to do so. Indeed, Pham expressly denies bringing any federal claims. (*See* Opp'n 5). Where a plaintiff who could plead both state and federal claims chooses to "ignore the federal question," he may "defeat removal" by asserting only state law claims. *Duncan*, 76 F.3d at 1485 (internal quotation marks omitted). This is precisely what Pham has done.

Nothing in Watts' declaration or in Pham's opposition to Watts' motion to change venue before the state court suggests otherwise.[1] Nowhere in either document does Pham mention the Lanham Act, or otherwise indicate that he seeks to bring a claim under federal law. It is simply irrelevant that Pham refers to Watts' alleged conduct as infringement. Indeed, the California Supreme Court itself has used the term "infringement" to refer to a state law claim for the wrongful use of a trade name. *See, e.g.*, *Schwartz v. Slenderella Systems of California, Inc.*, 43 Cal. 2d 107, 116 (1954).

There is no basis for federal jurisdiction over this case. It is therefore remanded to the Superior Court of California, County of Santa Clara. Pursuant to the removal statute, Watts is ordered to pay all "just costs and any actual expenses, including attorney fees, [Pham] incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). Pham shall submit to this court within thirty days of the date of this order an application for attorneys' fees and expenses, including any declarations and contemporaneous records necessary to support the request. Watts shall have three weeks from the date of Pham's application to submit his opposition, if any. Any opposition

---

[1]   Pham argues that Watts' declaration ought not be considered because it was not executed under penalty of perjury. (*See* Opp'n 5-6). Because nothing in the declaration supports federal jurisdiction over this case, the Court need not address this argument.

shall be based solely on the reasonableness of Pham's request, and shall not address the substance of this ruling.

**IT IS SO ORDERED.**

Dated: July 11, 2014

_____
VINCE CHHABRIA
United States District Judge