UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL PHAM,<br>　　　　Plaintiff,<br>　　v.<br>DANIEL WATTS,<br>　　　　Defendant. | Case No. 14-cv-02247-VC<br><br>**ORDER AWARDING ATTORNEY'S FEES**<br>Re: DC. No. 24 |

　　　　Pursuant to the Court's Order of Remand, Plaintiff Randal Pham moves for attorney's fees and costs under 28 U.S.C § 1447(c), which authorizes "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Pham seeks $40,514.00, a figure comprised exclusively of attorney's fees calculated by 86.2 hours of his counsel's time at an hourly rate of $470. Where the removing party "lacked an objectively reasonable basis for seeking removal," the decision whether to award attorneys' fees under § 1447(c) lies within a district court's sound discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A reasonable attorney fee [under Section 1447(c)] is the number of hours and the hourly rate that would be billed by reasonably competent counsel.'" *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1167 (N.D. Cal. 2004) (quoting *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990)).

　　　　Here, as the Court noted in its Order of Remand, removal jurisdiction was clearly lacking. As a result, Watts was without "an objectively reasonable basis for seeking removal," *Martin*, 546 U.S. at 141. The Court therefore exercises its discretion to award attorney's fees incurred as a result of Watts' removal. But with respect to the amount of the award, having reviewed the Declaration of Pham's counsel, Ari Aalaei, in support of Pham's motion for fees and costs, Docket No. 25, the Court finds unreasonable both Aalaei's assertion that 86.2 hours of attorneys' time

1  should be compensated and his assertion that the hours should be compensated at $470 per hour.

2  Because the issues presented by the removal were neither novel nor difficult, and because
3  the Court did not even hold a hearing on whether to remand, 86.2 hours of work by two attorneys
4  in support of remand and in support of their fee motion is excessive by a wide margin. An award
5  for anything more than 40 hours of work would be unreasonable.

6  In support of his claim that $470 is a reasonable hourly rate, Pham relies largely upon a
7  "Laffey Matrix" setting out hourly rates for attorneys of varying experience levels in the District
8  of Columbia. But as the Ninth Circuit has noted, "just because the *Laffey* matrix has been
9  accepted in the District of Columbia does not mean that it is a sound basis for determining rates
10 elsewhere, let alone in a legal market 3,000 miles away." *Prison Legal News v. Schwarzenegger*,
11 608 F.3d 446, 454 (9th Cir. 2010). In setting a reasonable hourly rate, the Court is justified in
12 relying on its own knowledge of customary rates and experience concerning reasonable and proper
13 fees. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The Court is unpersuaded that
14 Pham's attorneys' claimed rate of $470 per hour is reasonable or consistent with the prevailing
15 market rate for lawyers who became members of the bar a mere six years ago. Indeed, based on
16 its knowledge and experience, the Court finds that, in this particular case, any rate exceeding $400
17 per hour would be unreasonable. *Cf. Jimenez v. Suntrust Mortgage Inc.*, 5:13-CV-04615-EJD,
18 2014 WL 3945836 (N.D. Cal. Aug. 11, 2014) (finding $250 to be a reasonable rate for an attorney
19 with five years of relevant experience).

20  Accordingly, the Court awards Pham attorneys' fees in the amount of $16,000.

22  **IT IS SO ORDERED**.
23 Dated: September 23, 2014

_____
VINCE CHHABRIA
United States District Judge